UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No. CV 19-1553 DSF (RAO)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING HABEAS ACTION WITHOUT PREJUDICE |

On March 4, 2019, Petitioner Jose Ureno ("Petitioner"), a California state prisoner proceeding *pro se*, filed a request for an extension of time to file a federal habeas petition (the "Motion"). Dkt. No. 1. Petitioner explains that he has been in administrative segregation since December 8, 2018, and has been unable to access the law library. *Id.* The Court interprets the Motion as seeking an extension of time to avoid the expiration of the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the Motion is denied, and this matter is dismissed without prejudice.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not decide hypothetical issues or render advisory opinions. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757, 70 L. Ed.

2d 700 (1982) (Article III "limits the judicial power" of courts "to the resolution of 'cases' and 'controversies'"). As Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. *See Woodford v. Garceau*, 538 U.S. 202, 207-10, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003) (a habeas action begins with the filing of an application for habeas corpus relief).

Petitioner's Motion essentially seeks an advisory opinion adjudicating any federal habeas petition that he might file in the future as timely. The Court cannot grant the relief Petitioner seeks without violating the "case or controversy" requirement of the Constitution. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (holding that federal court lacks jurisdiction to consider the timeliness of a section 2255 petition until a petition is actually filed); *see also Warren v. Harrison*, 224 Fed. App'x 831, 832 (9th Cir. 2007) (finding request for an extension of time was not a habeas petition); *Bjorn v. Warden*, No. C 09-0714 JSW (PR), 2009 WL 1392089, at *1-2 (N.D. Cal. May 14, 2009) (holding that, under the "case or controversy" requirement, a federal court cannot grant an extension of time to file a habeas petition where no petition has been filed).

Petitioner must file a habeas petition in this Court before the Court may act upon either his substantive claims or a motion for tolling the statute of limitations if his petition is not timely filed.[1]

---

[1] The Court observes that Petitioner previously filed a request for an extension of time to file a federal habeas petition on December 27, 2016, which was similarly denied on January 4, 2017. *See Jose Ureno v. Warden*, Case No. 2:16-cv-09547-DSF-RAO (C.D. Cal.). On January 27, 2017, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. *See Jose Saldivar Ureno v. Stu Sherman*, Case No. 5:17-cv-00227-DSF-RAO (C.D. Cal.). On July 31, 2017, the Court denied the petition and dismissed the action with prejudice, finding that the petition was not timely filed. Thus, any future petition containing the same or other claims that could have been raised in Petitioner's prior petition may

1 IT IS THEREFORE ORDERED that Petitioner's Motion is DENIED, and this
2 action is dismissed without prejudice.

DATED: March 11, 2019

                                  Honorable Dale S. Fischer
                                  UNITED STATES DISTRICT JUDGE

---

be rejected as successive, unless Petitioner receives permission from the Ninth Circuit to file a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).